## Commonwealth v. Charley

*John S. Halsted,* for appellant.
*Lawrence E. MacElree,* for Borough of West Chester.

PITT, *J.,* December 31, 1975. — On this appeal from summary conviction, it has been stipulated that appellant violated the Parking Ordinance of the Borough of West Chester on March 26, 1975, at 9:51 a.m. At that time, it is further agreed, that appellant was employed as a detective by the County of Chester and was authorized to use his

private vehicle in pursuit of his duties. The vehicle, which was registered to appellant and his wife, was extensively equipped for police use, although it lacked any distinctive markings. Appellant, Charley, was reimbursed for the expense of operation of the vehicle for duty purposes.

On the morning in question, appellant had used his vehicle to transport a prisoner from Chester County Farms Prison to the Court House in West Chester. He parked on West Market Street adjacent to the courthouse and, after delivery of the prisoner, retired to his courthouse office to attend to other duties and to await call for return of the prisoner to Chester County Farms Prison.

At trial and argument on this matter, the court was advised that this case is one of numerous similar cases involving parking citations issued by the Borough of West Chester against the county detectives for overtime parking. This case was prosecuted by the Borough of West Chester and defended and appealed on behalf of the county detectives in an effort to resolve the issue of whether the vehicles used by county detectives in the performance of their duties are subject to the usual parking regulations of the borough.

The Vehicle Code of 1959, in section 1103, provides, inter alia, that "local authorities . . . may regulate or prohibit parking.": Act of April 29, 1959, P. L. 58, sec. 1103, as amended, 75 P. S. §1103. Section 102 of that code defines parking as follows:

"The standing of a vehicle, except a police or fire department vehicle or ambulance, whether occupied or not, upon a highway otherwise than temporarily for the purpose of and while actually engaged in loading or unloading, or in obedience to

traffic regulations or traffic signs or signals.": Act of April 29, 1959, P. L. 58, sec. 102, as amended, 75 P. S. §102.

From these provisions, we observe that a police vehicle is excepted from parking regulations, and we thus need determine if a "police vehicle" was here involved. It is conceded that this was a vehicle and the dispute reduces to definition of the term "police."

The Vehicle Code provides no definition of "police"; however, a peace officer is defined as:

"A sheriff, deputy sheriff, constable, member of the Pennsylvania State Police, State Highway Patrolman, or other police officer vested with authority of arrest. . . .": Act of April 29, 1959, P. L. 58, sec. 102, as amended, 75 P. S. §102.

Chester County is a third class county and, in such, the district attorney may appoint county detectives who " . . . shall be general police officers and shall have the powers conferred on constables by the laws of this Commonwealth, so far as they relate to ciminal law and procedure.": Act of August 9, 1955, P. L. 323, sec. 1440; 16 P. S. §1440(d).

Similarly, The Vehicle Code provides definition of police department as: "The Pennsylvania State Police *or the law enforcement agency of a county,* city, incorporated town, borough or township.": Act of April 29, 1959, P. L. 58, sec. 102, as amended, 75 P. S. §102. We find a county detective to come within the definition of "police." (Emphasis supplied.)

We do not believe that external markings or use on a particular occasion alone determine the status of a vehicle as a "police vehicle." We think that designation as such, properly equipping

same, and having the vehicle available for that use determines the status of "police vehicle" and, hence, such vehicle is excepted from parking regulations. So we enter the following

## VERDICT

And now, December 31, 1975, we find defendant not guilty of a violation of the Parking Ordinance of the Borough of West Chester.